```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                     SOUTH BEND DIVISION
```

TIMOTHY E. VAUGHN,         )
                           )
Petitioner,                )
                           )
vs.                        )       NO. 3:06-CV-527
                           )
WILLIAM WILSON,            )
                           )
Respondent.                )

## OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment, filed by Timothy E. Vaughn on October 5, 2006, and *sua sponte* on the question of whether this petition should be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons stated in this order, the Court **DENIES** Petitioner's Motion for Summary Judgment and **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner, Timothy Vaughn, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. section 2254. He has filed a motion for summary judgment to which he attaches documents from the disciplinary proceedings.

The petition and the documents attached to the Petitioner's summary judgment motion establish that on May 16, 2006, prison officials charged him with attempted trafficking. This charge arose from a letter in Petitioner's handwriting that was addressed to his fiancé. This letter contained instructions on how to smuggle

marijuana into the facility.  On May 31, 2006, a Disciplinary Hearing Board (DHB) found Petitioner guilty, imposed a 1-year loss of earned credit time, and demoted him to a lower credit time earning classification.  He appealed unsuccessfully to the superintendent and the final reviewing authority.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." *Id.*  This Rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.  Petitioner did not submit attachments to his petition, but the exhibits attached to Petitioner's summary judgment motion allow the Court to deny his summary judgment motion and to dismiss his petition pursuant to Rule 4.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Petitioner states that "the DHB hearing and processing was not held within the prescribed time as established by the ADP rule, nor was the appeal processed in a timely manner." (Petition at p. 3). He amplifies this claim in his motion for summary judgment. The ADP is the Adult Disciplinary Procedure, which the Indiana Department of Correction has promulgated to govern disciplinary hearings.

That the hearing and appeal may not have been timely under the ADP states no claim upon which relief can be granted because relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F. Supp. 765 (N.D. Ind. 1997). Violations of the ADP do not state a claim for federal habeas relief, *Hester v. McBride*, 966 F. Supp. at 774-75.

In ground one, Petitioner also states he "was denied a true statement of the officer who allegedly discovered the mail and the chain of investigation relative to this charge." But *Wolff* does not require prison officials to give him the officer's full statement or report of investigation, which may contain confidential information. Due process requires only that they give him advance written notice of the charges against him. *Wolff*, 418 U.S. at 565. The purpose of the notice requirement is to inform the prisoner of the factual circumstances supporting the charge against him and provide him a chance to prepare a defense. *Id. at* 564-65. The conduct report advised Vaughn that Correctional Officer R. Sonnenberg found a letter

-3-

addressed to his fiancé containing instructions on how to smuggle marijuana into the institution, and that the letter was determined to be in his handwriting. (Petitioner's Ex. A). This conduct report gave Vaughn adequate notice of the charge against him and the essential facts upon which prison officials based that charge.

In ground two of his petition, Petitioner asserts "there exists no evidence at all that would support that this petitioner is guilty of the charge for which he was deprived of liberty." (Pet. at p. 3). There must be "some evidence" in the administrative record to support the decision of the prison disciplinary board." *Hill*, 472 U.S. at 455. This is a lenient standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (citing *Hill*, 472 U.S. at 455-56).

The conduct report stated that Correctional Officer Sonnenberg found a letter addressed to Petitioner's fiancé containing instructions on how to smuggle marijuana into the institution, and that the letter was determined to be in Petitioner's handwriting. The DHB stated as its reason for decision that it reviewed the confiscated letter and a copy of a previous letter written by Petitioner and found that the handwriting was similar. It also found that the conduct report "supports the violation." (Petitioner's Ex. D). A conduct

-4-

report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The DHB provided a sufficient statement of the evidence relied on, and the board's statement establishes that there was some evidence in the record supporting the conclusion reached by the DHB.

In ground three of his petition, Petitioner asserts the "conviction was the results (sic) of 'Fruits of A Poisonous Tree.'" (Petition at p. 3). He further states that "the initial actions of the officer were in [and] of itself illegal . . . [and] . . . Without such illegality the charge would not exist." (Petition at p. 3).

Petitioner believes "the reading of my mail was not appropriate for a correctional officer." (Pet. at p. 2). But that Officer Sonnenberg searched and read Petitioner's outgoing mail to his fiancé does not violate his federally protected rights. Nonprivileged incoming or outgoing mail may be opened, read, and censored consistent with the need for prison security. *See Martin v. Tyson*, 845 F.2d 1451, 1456-1457 (7th Cir. 1988); *Gaines v. Lane*, 790 F.2d 1299, 1304-1305 (7th Cir. 1986). Preventing inmates from trafficking in cash, drugs or other contraband is a legitimate security interest. Officer Sonnenberg had the right to search and read Petitioner's mail, and prison officials may properly charge Petitioner with attempting to traffic based on information found in his outgoing mail.

**DATED:  December 7, 2006**          **/s/RUDY LOZANO, Judge**
                                       **United States District Court**